UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

DAVID LETT,
    Plaintiff,

-vs.-                             **DEMAND FOR JURY TRIAL**

OMEGA FINANCIAL, INC.,
a Georgia corporation,
    Defendant.

_____

# COMPLAINT & JURY DEMAND

Plaintiff, David Lett, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Omega Financial, Inc. which is a Georgia company that maintains registered offices in Muscogee County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Washtenaw County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt from Plaintiff regarding dues owed to a fraternity. Defendant is alleging Plaintiff owes $834.99.

7. On or about January 19, 2011, Plaintiff, through counsel, faxed and mailed via certified mail, a letter to Defendant in which the Plaintiff demanded verification of the debt.

8. In this letter, Plaintiff's counsel asked for the name and address of the creditor. Plaintiff's counsel also asked Defendant to stop contacting Plaintiff and to contact his attorney instead.

9. On January 19, 2011, this same date that Plaintiff's counsel sent a validation letter to Defendant, Plaintiff, through counsel, faxed and sent via certified mail a cease and desist letter to Defendant to their resident agent.

10. On or about January 24, 2011, Defendant faxed "validation" of the alleged debt to Plaintiff's counsel. The only thing that Defendant provided Plaintiff's counsel was a contract between Plaintiff and the creditor. There was no address of the creditor on here.

11. Defendant contacted Plaintiff again on October 19, 2011 through an email they sent him in an attempt to collect on this alleged debt.

12. This email does not say anywhere that Defendant is a debt collector.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. The Plaintiff has suffered damages as a result of these violations of the FDCPA.


## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

                                          /s/ Gary Nitzkin  
October 25, 2011              GARY D. NITZKIN  P41155  
                                        MICHIGAN CONSUMER CREDIT LAWYERS  
                                        Attorneys for Plaintiff  
                                        22142 West Nine Mile Road  
                                        Southfield, MI 48033  
                                        (248) 353-2882  
                                        Fax (248) 353-4840  
                                        Email –gnitzkin@creditor-law.com